Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
BRYAN C. BENNETT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRYAN C. BENNETT<br><br>                Plaintiff,<br><br>    vs.<br><br>BARCLAYS BANK DELAWARE<br><br>                Defendant, | Case No.: __'20 CV2263 BEN KSC__<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. BRYAN C. BENNETT (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against BARCLAYS BANK DELAWARE (hereinafter referred to as "BARCLAYS" or "Defendant") pertaining to actions by Defendant to unlawfully collect a consumer debt allegedly owed by Plaintiff, including but not limited to collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, ("TCPA" [47 U.S.C. § 227 *et seq.*], and

1    contacting the Plaintiff despite being put on notice in writing that Plaintiff was

2    represented by Counsel in violation of the Rosenthal Fair Debt Collection

3    Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading

4    Plaintiff's privacy, and causing Plaintiff damages.

5    2.  The California legislature determined that unfair or deceptive collection practices

6    undermine the public confidence which is essential to the continued functioning of

7    the banking and credit system.  The legislature further determined there is a need

8    to ensure that debt collectors and debtors exercise their responsibilities to one

9    another with fairness, honesty, and due regard for the rights of others.  The

10   legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection

11   Practices Act of California (hereinafter "RFDCPA") was to prohibit debt

12   collectors from engaging in unfair or deceptive acts or practices in the collection

13   of consumer debts and to require debtors to act fairly in entering into and honoring

14   such debts.[1]

15   3.  The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA")

16   was designed to prevent calls like the ones described within this complaint, and to

17   protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints

18   about abuses of telephone technology – for example, computerized calls

19   dispatched to private homes – prompted Congress to pass the TCPA." *Mims v.*

20   *Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

21   4.  In enacting the TCPA, Congress specifically found that "the evidence presented to

22   Congress indicates that automated or prerecorded calls are a nuisance and an

23   invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also,

24   *Mims,* 132 S. Ct., at 744.

25   5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding

26   calls similar to this one:

27

28

---

[1] CA Civil Code §§ 1788.1(a)-(b)

*BENNETT vs. BARCLAYS, - Complaint For Damages*

1

2
3
4
5
6

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

7

> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

8

9   6. Plaintiff makes the allegations contained herein on information and belief, except
10      as to those allegations regarding himself, which are made on personal knowledge.

11

12                          **JURISDICTION AND VENUE**

13   7. This action is based on Defendant's violations of the RFDCPA found in California
14      Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United
15      States Code Section 227, *et seq..*

16   8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the
17      unlawful practices alleged herein involve a federal question under the TCPA.

18   9. This Court has jurisdiction over the Defendant, as the unlawful practices alleged
19      herein occurred in California, in the County of San Diego and violated
20      California's Civil Code §§ 1788 - 1788.32.

21   10. This Court further has supplemental jurisdiction over Plaintiff's California Causes
22      of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law
23      claims are so related to Plaintiff's Federal TCPA claims in this action, that they
24      form part of the same case or controversy.

25   11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all
26      or some of the unlawful practices and violations of law alleged herein occurred
27      and are occurring in the County of San Diego, California.  Furthermore,
28      Defendant regularly conducts business within State of California, County of San

1   Diego, and Plaintiff resides in San Diego County, California.

2

3                                    **PARTIES**

4   12. Plaintiff is, and was at all times mentioned herein, a natural person residing in

5        the County of San Diego, in the State of California.

6   13. Plaintiff is a natural person from whom a debt collector sought to collect a

7        consumer debt which was due and owing or alleged to be due and owing from

8        Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ.

9        Code §1788.2(h).

10  14. Defendant Barclays Bank Delaware ("BARCLAYS") is a corporation organized

11       under the laws of the State of Delaware with its principal place of business at 125

12       South West Street, Wilmington, Delaware 19801.  Defendant transacts business

13       throughout the State of California, including this judicial district. Defendant

14       BARCLAYS regularly attempts to collect through the use of the U.S. mail,

15       electronic communications, and telephones, "consumer debts" allegedly owed to

16       it, as that term is defined by Cal. Civ. Code §1788.2(f).

17  15. When individuals owe BARCLAYS debts for regular monthly payments on

18       consume credit card accounts, and other similar obligations, BARCLAYS

19       collects on those consumer debts owed to it through the mail, electronic

20       communications, and via the use of telephones, including an automated

21       telephone dialing system, whereby Defendant records said collection calls made

22       to debtors' cellular telephone calls without a disclaimer and/or their permission.

23       Therefore, BARCLAYS is a "debt collector" as that term is defined by Cal. Civ.

24       Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal.

25       Civ. Code §1788.2(b).

26  16. Defendant is, and all times mentioned herein, was a corporation and therefore

27       a "person," as that term is defined by 47 U.S.C. § 153(39).

28  17. At all times relevant hereto, Defendant used, controlled and or operated an

*BENNETT vs. BARCLAYS, - Complaint For Damages*

"automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

18. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

19. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

20. On January 5, 2016, and again on September 1, 2017, Plaintiff was issued two separate consumer credit card accounts by Defendant BARCLAYS.

21. Plaintiff made payments toward the aforementioned BARCLAYS credit card accounts when he took them out, and maintained good standing until April of 2020, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

22. Upon going into default on said BARCLAYS' credit card accounts, agents for BARCLAYS called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

23. The aforementioned collection calls were made to Plaintiff's cellular telephone.

24. Plaintiff sought out and retained an attorney to represent him with regards to the debts allegedly owed to BARCLAYS.

25. On September 26, 2020, Plaintiff spoke with an agent of BARCLAYS for over 3 minutes, whereby he provided the name, telephone number, and contact information for his attorney.  He further explained to said representative that he

would be filing bankruptcy, that he retained counsel regarding BARCLAYS'
debts, and further instructed said representative for the calls to stop, and in doing
so he specifically revoked any prior consent to call him via an ATDS and/or
recorded voice.  The representative assured Plaintiff that he had notated his file,
and that the calls would stop, as the next agent would see on the file his notation,
thus directing them to cease calling.

26.   However, despite said agent of BACLAYS' assurances, and despite Plaintiff's
telephone call, whereby he clearly orally revoked consent to call him via the use
of an ATDS, and further informed BARCLAYS he was represented by Counsel,
the collection calls from Defendant to Plaintiff continued unabated.

27.   On October 16, 2020, Leopoldo Sanchez (a paralegal at Plaintiff's Counsel's
office), after receiving an email from Plaintiff complaining of the incessant
collection calls, telephoned BARCLAYS and after an extended hold, spoke with
an agent, whereby Mr. Sanchez provided Plaintiff's information, provided
Plaintiff's Counsel's contact information, and directed BARCLAYS to cease all
further collection calls to Plaintiff.

28.   Further, on October 16, 2020, Attorney Brett Bodie, an associate attorney at
Plaintiff's Counsel's office, drafted and mailed a Cease and Desist letter,
whereby Mr. Bodie stated in writing that Plaintiff was revoking consent to call
him via the use of an ATDS, that that Plaintiff had retained Counsel, and that
BARCLAYS needed to cease calling Plaintiff pursuant to the RFDCPA
("Letter").  Said Letter clearly informed BARCLAYS that Plaintiff was
represented by Counsel, thus said Letter constituted written notice pursuant to
Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with
respect to any debt allegedly owed to or serviced by Defendant, and request was
thereby made that all communications regarding this alleged consumer debt must
be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any
prior consent to contact Plaintiff via the use of an automated dialing system

phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

29. Despite Defendant receiving receipt of the Plaintiff's Attorney's Letter dated October 16, 2020, Defendant continued to call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

30. Between September 2020 and November of 2020, Plaintiff would pick up the phone often, yet the collection calls made by BARCLAYS were usually made by an automated dialer and merely contained a robotic voice recording when he answered, therefore when he would answer the calls it would merely be a recording.  However, occasionally over that time period, Plaintiff would answer his cellular telephone and there would be a live representative of BARCLAYS on the line.  On those occasions, he repeatedly informed the representative of BARCLAYS that he had retained Counsel, and told them to stop calling him. Further, Plaintiff orally revoked BARCLAYS' alleged consent to call him via the use of an ATDS on the September 26, 2020 phone call referenced above.

31. On November 12, 2020, Plaintiff's Counsel sent via fax and U.S. Mail, yet another letter titled: "Final Warning" ("2nd Letter"), which clearly informed BARCLAYS once again that Plaintiff was represented by Counsel, thus said letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Plaintiff's attorney. Said 2nd Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

32. However, despite receipt of the October 16, 2020 and November 12, 2020 letters referenced above, as well as multiple oral notices via Plaintiff and Leopoldo

*BENNETT vs. BARCLAYS, - Complaint For Damages*

1   Sanchez that Plaintiff had revoked consent to be called via an ATDS and had

2   retained counsel regarding the subject debt, representatives of BARCLAYS have

3   continued to call Plaintiff in excess of one-hundred (100) times on his cellular

4   telephone via the use of and ATDS and/or Pre-Recorded Voice message.

5   33. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt

6   in writing and orally of notice that Plaintiff revoked any prior consent to call

7   Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel

8   for any debts owed to BARCLAYS, and an explicit warning that all direct

9   contact with Plaintiff should cease pursuant to the RFDCPA.

10   34. Further, Plaintiff spoke to agents for BARCLAYS on more than one occasion

11   and stated that they should not be calling him on his cellular telephone, and

12   reiterated that he had retained Counsel who had sent Cease and Desist Letters to

13   BARCLAYS.

14   35. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call

15   Plaintiff via the use of an ATDS and/or Recorded voice.  Despite said oral

16   revocation, agents for the Defendant continued to call Plaintiff using an ATDS

17   and/or Recorded Voice

18   36. Despite having received Plaintiff's letters sent to Defendant's registered

19   corporate address, BARCLAYS continues to call Plaintiff to date, often multiple

20   times per day in rapid succession, which is indicative of a computerized ATDS.

21   37. BARCLAYS, or its agents or representatives, have contacted Plaintiff on his

22   cellular telephone over one-hundred (100) times since September 26, 2020,

23   including through the use of an ATDS and/or Recorded voice as those terms are

24   defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

25   38. Many of the Defendant's calls to Plaintiff after receiving the letter contained an

26   "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27   39. The multiple calls made by Defendant or its agents after September 26, 2020

28   were therefore made in violation of 47 U.S.C. § 227(b)(1).

40. Despite receipt of Plaintiff's Attorney's letters sent to Defendant's corporate mailing address, verbal notice from Plaintiff and Mr. Sanchez on multiple occasions to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant continues to contact Plaintiff repeatedly to date.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of California Rosenthal Fair Debt Collection Practices Act

## (California Civil Code § 1788.14(c))

41. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

42. When Plaintiff's Counsel sent the cease and desist letters to BARCLAYS, Defendant BARCLAYS was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

43. When Plaintiff orally stated to representatives for BARCLAYS that he was represented by Counsel, BARCLAYS was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

44. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name

and address and a request by such attorney that all communications
regarding the consumer debt be addressed to such attorney, unless
the attorney fails to answer correspondence, return telephone calls,
or discuss the obligation in question.   This subdivision shall not
apply where prior approval has been obtained from the debtor's
attorney, or where the communication is a response in the ordinary
course of business to a debtor's inquiry.

45. By calling Plaintiff on his cellular phone one-hundred (100) times after receipt of the letters from Plaintiff's Counsel, BARCLAYS violated Cal. Civ. Code §1788.14(c).

46. As a result of the constant collection calls by BARCLAYS, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, and has at times been unable to calm down as the constant and harassing collection calls by BARCLAYS are overwhelming.  Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

**II.**

**SECOND CAUSE OF ACTION**

**Negligent Violations of the TCPA**

**(47 U.S.C. § 227 Et. Seq.)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

48. Through the letters from Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for BARCLAYS or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

49. The foregoing acts and omissions of BARCLAYS constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

50. As a result of BARCLAYS' negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

*BENNETT vs. BARCLAYS, - Complaint For Damages*

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### III.
### THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

52. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

53. Through the letters sent by Plaintiff's Counsel, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for the BARCLAYS or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

54. The foregoing acts of the BARCLAYS constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

55. Therefore, since BARCLAYS or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, BARCLAYS' acts were willful.

56. As a result of BARCLAYS' knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every one of their over one-hundred (100) violations, pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

*BENNETT vs. BARCLAYS, - Complaint For Damages*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant BARCLAYS herein, respectfully request this Court enter a Judgment against Defendant as follows:

a.  As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b.  As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d.  As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e.  As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's one-hundred (100) knowing and/or willful violations of 47 U.S.C. § 227(b)(1) totaling actual damages in excess of $150,000.00 in statutory damages for said willful and/or knowing 100+ violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

g.  For such other and further relief as the Court may deem just and proper.

Dated: November 20, 2020          By:   */s/ Ahren A. Tiller*
                                         Ahren A. Tiller, Esq.
                                         BLC Law Center, APC
                                         Attorneys for Plaintiff
                                         BRYAN BENNETT

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3   Pursuant to the Seventh Amendment to the Constitution of the United States of

4   America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by

5   jury.

6   Dated: November 20, 2020                    By:    */s/ Ahren A. Tiller*
                                                        Ahren A. Tiller, Esq.
7                                                       BLC Law Center, APC
                                                        Attorneys for Plaintiff
8                                                       BRYAN BENNETT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*BENNETT vs. BARCLAYS, - Complaint For Damages*