**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN C. BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE,<br><br>    Defendants. | Case No.: 3:20-cv-02263-BEN-KSC<br><br>**ORDER GRANTING JOINT MOTION TO PROCEED TO BINDING ARBITRATION AND STAY ACTION**<br><br>**[ECF No. 6]** |

**I.   INTRODUCTION**

Plaintiff Bryan C. Bennett ("Plaintiff") brings this action against Defendant Barclays Bank Delaware ("Defendant") for unlawful collection of a debt.  ECF No. 1.

Before the Court is a Joint Motion to Proceed to Binding Arbitration and Stay the Action (the "Joint Motion").  ECF No. 6. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

**II.   BACKGROUND**

  **A.   Statement of Facts**

On January 5, 2016, and again on September 1, 2017, Plaintiff was issued two separate consumer credit card accounts by Defendant. ECF No. 1 at 5, ¶ 20. In August 2020, "Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments." ECF No. 1 at 5, ¶ 20.  After Defendant called Plaintiff multiple times per day,

Plaintiff retained counsel, informed Defendant of his retention of counsel via phone call, and was re-assured that the calls would cease. *Id.* at 5-6, ¶ 25. Despite this assurance, the calls continued. *Id.* at 6, ¶¶ 26-26. On October 16, 2020 and November 12, 2020, Plaintiff's counsel sent Defendant a cease and desist letter; yet, the calls continued. *Id.* at 6, ¶ 28, 7, ¶ 31. Plaintiff alleges Defendant has called him in excess of one hundred times. *Id.* at 8, ¶¶ 32-33.

### B. Procedural History

On July 8, 2020, Plaintiff filed his complaint, alleging claims for relief for (1) violations of California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.14(c))31, *et seq.*; (2) negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"); and (3) knowing and/or willful violations of the TCPA, seeking injunctive relief, statutory damages, and reasonable attorney's fees and costs pursuant to Cal. Civ. Code, § 1788.30(b). ECF No. 1.

On November 24, 2020, Plaintiff filed a Declaration of Service indicated that Defendant had been served that same day. ECF No. 3.

On December 11, 2020, the parties filed a Joint Motion to Extend Time to Respond to Plaintiff's Complaint, ECF No. 4, which the Court granted on December 15, 2020, ECF No. 5. Defendant's responsive pleading was due on January 14, 2021. On this date, however, Defendant did not submit a responsive pleading. Instead, on January 13, 2021, the Parties filed the instant Motion to Proceed to Binding Arbitration and Stay the Action. ECF No. 6.

## III. LEGAL STANDARD

Where a plaintiff files suit "in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for . . . arbitration, the court in which such suit is pending, upon being satisfied that the issue . . . is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration." 9 U.S.C. § 3. A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court,

counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "[I]f there is even a fair possibility that the stay . . . will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted).

## IV. DISCUSSION

The Parties indicate that they previously entered into a valid arbitration agreement to arbitrate all disputes between themselves, and pursuant to that agreement, have stipulated to arbitrate their dispute. ECF No. 6 at 2, ¶ 2. They jointly move to stay this case in its entirety pending completion of the arbitration. *Id.* at 2, ¶ 4. In light of both the Federal Arbitration Act, 9 U.S.C. § 3, and the interests of judicial economy, the Court finds good cause warrants the Court granting the requested stay.

## V. ORDER

The Court, having considered the Parties' Joint Motion to Proceed to Binding Arbitration and Stay the Action, hereby **GRANTS** the Joint Motion:

1. The Parties shall submit all of the claims alleged by Plaintiff in this case to final and binding arbitration, pursuant to the terms of the arbitration agreement referenced in the parties' Joint Motion.

2. The instant action, and all proceedings herein, are hereby stayed pending completion of the arbitration of Plaintiff's claims.

3. The Parties shall submit a Joint Status Report every four months in order to

update the Court on the status of the arbitration process.

4. All remaining deadlines and dates set forth in this matter are hereby vacated.

5. Upon conclusion of the arbitration, the Parties are ordered to update the Court and request that it either (1) vacate the stay and dismiss the case or (2) confirm the arbitration award.

6. In the interim, the Court shall maintain jurisdiction to (1) confirm the arbitration award rendered in the above-captioned action and/or (2) make any other orders it deems necessary and proper.

**IT IS SO ORDERED.**

DATED:   February 5, 2021

**HON. ROGER T. BENITEZ**
United States District Judge